

&AO 440  (Rev. 8/01) Summons in a Civil Action

# UNITED STATES DISTRICT COURT

| Southern | District of | New York |
|---|---|---|

JEANNINE WARD

V.

ANY-TIME HOME CARE, INC. and
SCOUT ENTERPRISES, INC.

## SUMMONS IN A CIVIL ACTION

08 CIV 6974

CASE NUMBER:

TO: (Name and address of Defendant)

ANY-TIME HOME CARE, INC.,127 South Broadway, Nyack, NY 10960
SCOUT ENTERPRISE, 127 South Broadway, Nyack, NY 10960

**YOU ARE HEREBY SUMMONED** and required to serve on PLAINTIFF'S ATTORNEY (name and address)

LAW OFFICE OF RYAN S. GOLDSTEIN, PLLC
40 Exchange Place, Suite 1205
New York, New York 10005

an answer to the complaint which is served on you with this summons, within _____30_____ days after service
of this summons on you, exclusive of the day of service. If you fail to do so, judgment by default will be taken against you
for the relief demanded in the complaint. Any answer that you serve on the parties to this action must be filed with the
Clerk of this Court within a reasonable period of time after service.

## J. MICHAEL McMAHON

AUG - 5 2008

CLERK                                    DATE

(By) DEPUTY CLERK

44C/SDNY
.EV. 1/2008

# CIVIL COVER SHEET

The JS-44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for use of the Clerk of Court for the purpose of initiating the civil docket sheet.

| PLAINTIFFS | DEFENDANTS |
|---|---|
| JEANNINE WARD | ANY-TIME HOME CARE, INC. and SCOUT ENTERPRISES, INC., |

| ATTORNEYS (FIRM NAME, ADDRESS, AND TELEPHONE NUMBER) | ATTORNEYS (IF KNOWN) |
|---|---|
| Law Office of Ryan S. Goldstein, PLLC, 40 Exchange Pl., Ste. 1205, NY, NY 10005 | |

CAUSE OF ACTION (CITE THE U.S. CIVIL STATUTE UNDER WHICH YOU ARE FILING AND WRITE A BRIEF STATEMENT OF CAUSE)
(DO NOT CITE JURISDICTIONAL STATUTES UNLESS DIVERSITY)

See attached Rider.

Has this or a similar case been previously filed in SDNY at any time? No? [✓] Yes? [ ]  Judge Previously Assigned _____

If yes, was this case  Vol.[ ]  Invol. [ ]  Dismissed. No[ ]  Yes [ ]   If yes, give date _____ & Case No. _____

*(PLACE AN [x] IN ONE BOX ONLY)*     NATURE OF SUIT

## TORTS

## ACTIONS UNDER STATUTES

**CONTRACT**
- [ ] 110 INSURANCE
- [ ] 120 MARINE
- [ ] 130 MILLER ACT
- [ ] 140 NEGOTIABLE INSTRUMENT
- [ ] 150 RECOVERY OF OVERPAYMENT & ENFORCEMENT OF JUDGMENT
- [ ] 151 MEDICARE ACT
- [ ] 152 RECOVERY OF DEFAULTED STUDENT LOANS (EXCL VETERANS)
- [ ] 153 RECOVERY OF OVERPAYMENT OF VETERAN'S BENEFITS
- [ ] 160 STOCKHOLDERS SUITS
- [ ] 190 OTHER CONTRACT
- [ ] 195 CONTRACT PRODUCT LIABILITY
- [ ] 196 FRANCHISE

**PERSONAL INJURY**
- [ ] 310 AIRPLANE
- [ ] 315 AIRPLANE PRODUCT LIABILITY
- [ ] 320 ASSAULT, LIBEL & SLANDER
- [ ] 330 FEDERAL EMPLOYERS' LIABILITY
- [ ] 340 MARINE
- [ ] 345 MARINE PRODUCT LIABILITY
- [ ] 350 MOTOR VEHICLE
- [ ] 355 MOTOR VEHICLE PRODUCT LIABILITY
- [ ] 360 OTHER PERSONAL INJURY

**PERSONAL INJURY**
- [ ] 362 PERSONAL INJURY - MED MALPRACTICE
- [ ] 365 PERSONAL INJURY PRODUCT LIABILITY
- [ ] 368 ASBESTOS PERSONAL INJURY PRODUCT LIABILITY

**PERSONAL PROPERTY**
- [ ] 370 OTHER FRAUD
- [ ] 371 TRUTH IN LENDING
- [ ] 380 OTHER PERSONAL PROPERTY DAMAGE
- [ ] 385 PROPERTY DAMAGE PRODUCT LIABILITY

**FORFEITURE/PENALTY**
- [ ] 610 AGRICULTURE
- [ ] 620 OTHER FOOD & DRUG
- [ ] 625 DRUG RELATED SEIZURE OF PROPERTY 21 USC 881
- [ ] 630 LIQUOR LAWS
- [ ] 640 RR & TRUCK
- [ ] 650 AIRLINE REGS
- [ ] 660 OCCUPATIONAL SAFETY/HEALTH
- [ ] 690 OTHER

**LABOR**
- [ ] 710 FAIR LABOR STANDARDS ACT
- [ ] 720 LABOR/MGMT RELATIONS
- [ ] 730 LABOR/MGMT REPORTING & DISCLOSURE ACT
- [ ] 740 RAILWAY LABOR ACT
- [ ] 790 OTHER LABOR LITIGATION
- [ ] 791 EMPL RET INC SECURITY ACT

**BANKRUPTCY**
- [ ] 422 APPEAL 28 USC 158
- [ ] 423 WITHDRAWAL 28 USC 157

**PROPERTY RIGHTS**
- [ ] 820 COPYRIGHTS
- [ ] 830 PATENT
- [ ] 840 TRADEMARK

**SOCIAL SECURITY**
- [ ] 861 HIA (1395ff)
- [ ] 862 BLACK LUNG (923)
- [ ] 863 DIWC/DIWW (405(g))
- [ ] 864 SSID TITLE XVI
- [ ] 865 RSI (405(g))

**FEDERAL TAX SUITS**
- [ ] 870 TAXES (U.S. Plaintiff or Defendant)
- [ ] 871 IRS–THIRD PARTY 26 USC 7609

**OTHER STATUTES**
- [ ] 400 STATE REAPPORTIONMENT
- [ ] 410 ANTITRUST
- [ ] 430 BANKS & BANKING
- [ ] 450 COMMERCE
- [ ] 460 DEPORTATION
- [ ] 470 RACKETEER INFLUENCED & CORRUPT ORGANIZATION ACT (RICO)
- [ ] 480 CONSUMER CREDIT
- [ ] 490 CABLE/SATELLITE TV
- [ ] 810 SELECTIVE SERVICE
- [ ] 850 SECURITIES/ COMMODITIES/ EXCHANGE
- [ ] 875 CUSTOMER CHALLENGE 12 USC 3410
- [ ] 890 OTHER STATUTORY ACTIONS
- [ ] 891 AGRICULTURAL ACTS
- [ ] 892 ECONOMIC STABILIZATION ACT
- [ ] 893 ENVIRONMENTAL MATTERS
- [ ] 894 ENERGY ALLOCATION ACT
- [ ] 895 FREEDOM OF INFORMATION ACT
- [ ] 900 APPEAL OF FEE DETERMINATION UNDER EQUAL ACCESS TO JUSTICE
- [ ] 950 CONSTITUTIONALITY OF STATE STATUTES

**ACTIONS UNDER STATUTES**

**CIVIL RIGHTS**
- [ ] 441 VOTING
- [ ] 442 EMPLOYMENT
- [ ] 443 HOUSING/ ACCOMMODATIONS
- [ ] 444 WELFARE
- [✗] 445 AMERICANS WITH DISABILITIES - EMPLOYMENT
- [ ] 446 AMERICANS WITH DISABILITIES -OTHER
- [ ] 440 OTHER CIVIL RIGHTS

**PRISONER PETITIONS**
- [ ] 510 MOTIONS TO VACATE SENTENCE 28 USC 2255
- [ ] 530 HABEAS CORPUS
- [ ] 535 DEATH PENALTY
- [ ] 540 MANDAMUS & OTHER
- [ ] 550 CIVIL RIGHTS
- [ ] 555 PRISON CONDITION

**IMMIGRATION**
- [ ] 462 NATURALIZATION APPLICATION
- [ ] 463 HABEAS CORPUS- ALIEN DETAINEE
- [ ] 465 OTHER IMMIGRATION ACTIONS

**REAL PROPERTY**
- [ ] 210 LAND CONDEMNATION
- [ ] 220 FORECLOSURE
- [ ] 230 RENT LEASE & EJECTMENT
- [ ] 240 TORTS TO LAND
- [ ] 245 TORT PRODUCT LIABILITY
- [ ] 290 ALL OTHER REAL PROPERTY

---

*Check if demanded in complaint:*

[ ] CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23

DEMAND $ _____  OTHER _____

*Check YES only if demanded in complaint*
JURY DEMAND: [✓] YES  [ ] NO

DO YOU CLAIM THIS CASE IS RELATED TO A CIVIL CASE NOW PENDING IN S.D.N.Y.?
IF SO, STATE:

JUDGE _____  DOCKET NUMBER _____

NOTE:  Please submit at the time of filing an explanation of why cases are deemed related.

(PLACE AN x IN ONE BOX ONLY)                                 **ORIGIN**

☑ 1 Original          ☐ 2a. Removed from     ☐ 3 Remanded from     ☐ 4 Reinstated or     ☐ 5 Transferred from     ☐ 6 Multidistrict     ☐ 7 Appeal to District
     Proceeding              State Court              Appellate Court          Reopened              (Specify District)          Litigation             Judge from
                       ☐ 2b. Removed from                                                                                                              Magistrate Judge
                              State Court **AND**                                                                                                      Judgment
                              at least one
                              party is pro se.

(PLACE AN x IN ONE BOX ONLY)          **BASIS OF JURISDICTION**          *IF DIVERSITY, INDICATE*
L  1 U.S. PLAINTIFF     ☐ 2 U.S. DEFENDANT     ☒ 3 FEDERAL QUESTION     ☐ 4 DIVERSITY     *CITIZENSHIP BELOW.*
                                                    (U.S. NOT A PARTY)                        *(28 USC 1322, 1441)*

### CITIZENSHIP OF PRINCIPAL PARTIES (FOR DIVERSITY CASES ONLY)

(Place an [X] in one box for Plaintiff and one box for Defendant)

|  | PTF | DEF |  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|---|---|---|
| CITIZEN OF THIS STATE | [ ] 1 | [ ] 1 | CITIZEN OR SUBJECT OF A FOREIGN COUNTRY | [ ] 3 | [ ] 3 | INCORPORATED and PRINCIPAL PLACE OF BUSINESS IN ANOTHER STATE | [ ] 5 | [ ] 5 |
| CITIZEN OF ANOTHER STATE | [ ] 2 | [ ] 2 | INCORPORATED or PRINCIPAL PLACE OF BUSINESS IN THIS STATE | [ ] 4 | [ ] 4 | FOREIGN NATION | [ ] 6 | [ ] 6 |

PLAINTIFF(S) ADDRESS(ES) AND COUNTY(IES)

616 Kirbytown Road
Middletown, New York 10940
Orange County

DEFENDANT(S) ADDRESS(ES) AND COUNTY(IES)

Any-Time Home Care, Inc.
Scout Enterprise
127 South Broadway
Nyack, NY 10960
Rockland County

DEFENDANT(S) ADDRESS UNKNOWN
    REPRESENTATION IS HEREBY MADE THAT, AT THIS TIME, I HAVE BEEN UNABLE, WITH REASONABLE DILIGENCE, TO ASCERTAIN THE
RESIDENCE ADDRESSES OF THE FOLLOWING DEFENDANTS:

Check one:     THIS ACTION SHOULD BE ASSIGNED TO:     ☐ **WHITE PLAINS**     ☑ **MANHATTAN**
               (DO NOT check either box if this a PRISONER PETITION.)

DATE                    SIGNATURE OF ATTORNEY OF RECORD              ADMITTED TO PRACTICE IN THIS DISTRICT
                                                                     [ ] NO
                                                                     ☑ YES (DATE ADMITTED Mo. 1  Yr. 99 )
RECEIPT #                                                            Attorney Bar Code # RG5231

Magistrate Judge is to be designated by the Clerk of the Court.

Magistrate Judge _____ is so Designated.

J. Michael McMahon, Clerk of Court by _____ Deputy Clerk, DATED _____.

UNITED STATES DISTRICT COURT (NEW YORK SOUTHERN)

**CAUSE OF ACTION**

This action is brought to remedy discrimination on the basis of disability in the terms, conditions and privileges of employment in violation of Title VII of the Civil Rights act of 1964, as codified, 42 U.S.C. Sec. 2000e to 2000e-17 et seq. (amended in 1972, 1978), Title VII, Sec. 1981, the Executive Law and the Administrative Code and by the American with Disabilities Act (ADA), Pub. L. No. 101-336, 104 Stat. 327 (1990) (codified at 42 U.S.C. Sec. 12101-213), Title I of ADA, codified at 42 U.S.C. Sec. 12111-17, Sec. 12111(8), Sec. 12111(2), and by the Civil Rights Act of 1991, Pub. L. No. 102-166), the New York State Human Rights Law, and the New York City Human Rights Law, N.Y. Admin. Code Sec. 8-101 et seq. (hereinafter the "Administrative Code").

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK



**'08 CIV 6974**

-------------------------------------------------X

JEANNINE WARD,

                  Plaintiff(s),

   - against -

ANY-TIME HOME CARE, INC. and
SCOUT ENTERPRISES, INC.,

                  Defendant(s),

**COMPLAINT
PLAINTIFF DEMANDS A
JURY VERDICT**



-------------------------------------------------X

Plaintiff, **JEANNINE WARD**, by her attorney, the Law Office of Ryan S. Goldstein, PLLC., complaining of the Defendant(s) herein in this Complaint, respectfully allege upon information and belief as follows:.

## <u>NATURE OF ACTION</u>

1.    This action is brought to remedy discrimination on the basis of disability in the terms, conditions and privileges of employment in violation of Title VII of the Civil Rights act of 1964, as codified, 42 U.S.C. Sec. 2000e to 2000e-17 et seq. (amended in 1972, 1978), Title VII, Sec. 1981, the Executive Law and the Administrative Code and by the American with Disabilities Act (ADA), Pub. L. No. 101-336, 104 Stat. 327 (1990) (codified at 42 U.S.C. Sec. 12101-213), Title I of ADA, codified at 42 U.S.C. Sec. 12111-17, Sec. 12111(8), Sec. 12111(2), and by the Civil Rights Act of 1991, Pub. L. No. 102-166), the New York State Human Rights Law, and the New York City Human Rights Law, N.Y. Admin. Code Sec. 8-101 et seq. (hereinafter the "Administrative Code").

2.    Injunctive and declaratory relief, damages and other appropriate legal and equitable relief are sought pursuant to Title VII, Sec. 1981, the Executive Law and the Administrative Code.

3.    Plaintiff, who is an individual with a "disability" within the meaning of Section 3(2) of the Americans with Disabilities Act, 42 U.S.C. §§12102(2). Female is 35 years of age, filed a charge of discrimination against the defendant with the New York State Division of Human Rights and

received a "right to sue" letter from the U.S. Equal Employment Opportunity Commission

(hereinafter "EEOC") on or about May 16, 2008 complaining of the acts of disability discrimination alleged herein.

4.      On or about August 23, 2006, Ward filed a Charge of Discrimination and on or about May 16, 2008, the EEOC issued to the Ward a notice informing her of her rights to sue defendant in federal court. **See Charge of Discrimination and Right to Sue Letter annexed hereto as exhibits A & B.**

## JURISDICTION AND VENUE

5.      Plaintiff has complied fully with all prerequisites to obtain jurisdiction in this Court under Title VII including the Americans with Disabilities Act. Jurisdiction of the court is proper under Sec. 706(f)(3) of Title VII, 42 U.S.C. Sec. 2000e-5(f)(3) as well as by 28 U.S.C. Sec. 1331 and 1343. Jurisdiction of the claims under Executive Law Sec. 296 et seq. and Administrative Code Sec. 8-101 et seq. is invoked pursuant to the pendant jurisdiction of the Court.

6.      As the unlawful employment practices of herein within the Southern District of New York, venue is proper in this district pursuant to Sec. 706(f)(3) of Title VII, 42 U.S.C. Sec. 2000e-5(f)(3).

7.      Defendant is a "person" within the meaning of §§101(7) of the ADA, 42 U.S.C. §§12111(7) and §§701 of Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§2000e.

8.      Defendant employs 15 or more employees and is an "employer" within the meaning of Section 101(5)(A) of the ADA, 42 U.S.C. §§12111(5)(A).

## THE PARTIES

9.      At all times relevant herein, Plaintiff was and is and individual residing in the City of Middletown, State of New York. Plaintiff has been an individual with a "disability" within the meaning of Section 3(2) of the Americans with Disabilities Act, 42 U.S.C. §§12102(2).

10.     Upon information and belief, and at all times relevant herein, defendants were and are a company providing professional home nursing services with offices in the Counties of New York,

Bronx, Westchester, Orange, Rockland, Dutchess, Queens, Ulster & Delaware. At all times relevant

herein, Defendants were and are an employer within the meaning of Title I and VII, the Executive

Law, and the Administrative Code and Americans with Disabilities Act, 42 U.S.C 12102(2).

11.     Plaintiff is also a 35 year old, disabled Caucasian female.

## FACTS COMMON TO ALL CLAIMS

12.     Plaintiff, JEANINE WARD ("WARD") at all pertinent times, was an employee of Scout

Enterprises, Inc. a.k.a. Any-Time home Care, Inc., with a principle place of business at 127 south

Broadway, Nyack, New York. ("Defendants").

13.     Ward was originally hired on or about February 23, 2000 as a payroll coordinator of the

Middletown office until she was improperly terminated on July 13, 2006. In May 2001 she was

promoted to branch manager of the Middletown and Newburgh offices.

14.     At the time of her hiring, Ward was free of any health problems or any impairments which

required or warranted any "reasonable accommodations".

15.     On or about September 2005, after Ward returned from maternity leave, she was asked to

spend more time working out of the Middletown office while continuing to manage both

Middletown and Newburgh branches.

16.     While out on maternity leave, the Defendants moved the Middletown branch to a new

location located at 9 ½ Dolson Avenue, Middletown, New York.

17.     Within a first few days of returning to work, Ward began experiencing symptoms which were

resulting in several admissions to the hospital as well as a diagnosis of a serious fungal infection,

pansinusitus and allergies to mold.

18.     On or about November 2005, Ward underwent sinus surgery to alleviate the sinus pain and

symptoms which she first began experiencing following her return to work from maternity leave.

19.     Following her surgery, Ward primarily worked out of the Middletown branch while

continuing to effectively manage the Newburgh branch as well.

3

20.    On or about March 2006, the results of the first mold inspections confirmed the presence of significant levels of highly toxic mold spores, aspergillus.

21.    On June 1, 2006, Ward's treating physician forwarded a letter to the Defendants' requesting that Ward be permitted to work primarily out of the Newburgh branch while continue to manage both branches. The basis for the requested accommodation was due to the significant health risk to Ward which could result in respiratory distress and/or anaphylactic shock resulting from continued exposure to the contaminated environment at the Middletown branch.

22.    On or about June 29, 2006, Ward's treating physician wrote another letter to Defendants recommending that Ward remain out of the Middletown branch until such time that the Defendants substantiated that the contaminated environment contained within the Middletown branch was completed.

23.    Following Ward's requested accommodations, the Defendants refused to provide Ward or her physicians with a complete inspection report and only provided portions of the recent inspections.

24.    On July 13, 2006 Ward received written permission to test the Middletown office at my expense.

25.    Following that request, the Defendants granted Ward's request with numerous conditions on the proposed inspection which would have resulted in the inspection being futile.

26.    On July 19, 2006, the permission to test the office was withdrawn.

27.    Thereafter, on or about July 13, 2006, the Defendants terminated Ward's employment for what they claimed was insubordination for her refusal to return to the Middletown branch.

28.    From September 2005 through the present time, Ward has suffered from various debilitating illnesses including fungal infection, pansinusitus and allergies to mold which have limited her ability to perform certain tasks without reasonable accommodations and which have created increased risk of respiratory distress and analphylatic shock. Plaintiff has been an individual with a "disability" within the meaning of Section 3(2) of the Americans with Disabilities Act, 42 U.S.C. §§12102(2).

4

29.     Ward is a "qualified individual with a disability" as that term is defined in §§101(8) of the ADA, 42 U.S.C. §§12111(8).

30.     Despite the aforementioned, Ward was terminated due to the unwillingness of the Defendants to provide reasonable accommodations, which would have permitted Ward to fully and properly perform the essential functions of her duties and obligations as branch manager.

31.     Defendants brought about the termination of Ward's employment solely because of the Defendants' refusal and unwillingness to provide the requested reasonable accommodation to Ward which she was entitled to considering her disability and in light of the fact that she could not perform the essential functions of her employment safely and properly without same, in furtherance of the Defendants' objective to engage in unlawful employment practices.

## AS AND FOR A FIRST CLAIM

32.     Ward repeats and realleges each and every allegation contained in Paragraphs 1 through 30 of this Complaint with the same force and effect as if set forth herein.

33.     Defendants have discriminated against the Ward in the terms, conditions and privileges of her employment on the basis of disability in violation of Title I and VII.

34.     Defendants engaged in these discriminatory practices with notice of such practices and with malice and reckless indifference to Ward's rights and privileges protected under federal law.

35.     Ward suffered and is suffering irreparable injury and monetary damages as a result of Defendants' acts and discriminatory practices as a well as mental distress and anguish and humiliation and will continue to so suffer unless and until this Court grants relief.

## AS AND FOR A SECOND CLAIM

36.     Ward repeats and realleges each and every allegation contained in Paragraphs 1 through 34 of this Complaint with the same force and effect as if set forth herein.

37.     Defendants' failure to provide the reasonable accommodations requested by Ward denied and/or impaired the right of Ward to the full and equal benefit of all laws and proceedings for the

security of persons and property as is enjoyed by non-disabled citizens, in violation of Section 1981.

38.    Defendants engaged in these discriminatory practices with notice of such practices and with malice and reckless indifference to Ward's rights and privileges protected under Federal law.

39.    Ward suffered and is suffering irreparable injury and monetary damages as a result of defendant's acts and discriminatory practices as a well as mental distress and anguish and humiliation and will continue to so suffer unless and until this Court grants relief.

## AS AND FOR A THIRD CLAIM

40.    Ward repeats and realleges each and every allegation contained in Paragraphs 1 through 38 of this Complaint with the same force and effect as if set forth herein.

41.    The above acts and practices of Defendants constitute unlawful discriminatory employment practices within the meaning of Executive law Sec. 296 et seq. including, without limitation, Sec. 296(1),(6) and (7).

42.    Ward suffered and is suffering irreparable injury and monetary damages as a result of defendant's acts and discriminatory practices as a well as mental distress and anguish and humiliation and will continue to so suffer unless and until this Court grants relief.

## AS AND FOR A FOURTH CLAIM

43.    Ward repeats and realleges each and every allegation contained in Paragraphs 1 through 41 of this Complaint with the same force and effect as if set forth herein.

44.    The above acts and practices of Defendants constitute unlawful discriminatory employment practices within the meaning of Executive law Sec. 296 et seq. including, without limitation, Sec. 296(1)(e).

45.    Defendants' conduct was willful and malicious and was made based upon the disability of the Ward.

46.    Ward suffered and is suffering irreparable injury and monetary damages as a result of Defendant's acts and discriminatory practices as a well as mental distress and anguish and

## AS AND FOR A FIFTH CLAIM

47.     Ward repeats and realleges each and every allegation contained in Paragraphs 1 through 45 of this Complaint with the same force and effect as if set forth herein.

48.     The above acts and practices of Defendants constitute unlawful discriminatory employment practices within the meaning of the Administrative Code.

49.     Defendants' conduct was willful and malicious.

50.     Ward suffered and is suffering irreparable injury and monetary damages as a result of Defendants' acts and discriminatory practices as a well as mental distress and anguish and humiliation and will continue to so suffer unless and until this Court grants relief.

## PRAYER FOR RELIEF

**WHEREFORE,** Ward respectfully requests that this Court enter judgment:

(a)     declaring that the acts and practices complained of herein are in violation of Title VII, Section 1981, the Executive law, and the Administrative Code;

(b)     enjoining and permanently restraining these violations of Title I and VII, Section 1981, the Executive Law, and the Administrative Code;

(c)     directing Defendants to take such affirmative action as is necessary to ensure that the effects of these unlawful acts and discriminatory employment practices are eliminated and do not continue to affect Ward's employment opportunities;

(d)     directing Defendants to make Ward whole for all earnings she would have received but for Defendants' discriminatory treatment, including, but not limited to, wages, back pay, front pay, pension, and other lost benefits, and interest thereon, for the periods prior to and subsequent to her termination;

(e)     directing Defendants to pay Ward compensatory damages, and damages for her

7

mental anguish, mental distress, humiliation, loss of reputation, and interest thereon, and all such other damages and remedies as may be available to Ward under Title I and VII, Section 1981, the Executive Law, and the Administrative Code;

(f)      awarding Ward the costs and disbursements of this action, together with reasonable attorneys' fees, including without limitation, all such fees as are provided by applicable law;

(g)      awarding Ward punitive damages against the Defendants;

(h)      retaining jurisdiction over this matter to assure full compliance with any Order of this Court; and

(i)      granting such other and further relief as to this court deems just and proper.

Dated:         New York, New York
                 August ____, 2008

                                     **LAW OFFICE OF**
                                     **RYAN S. GOLDSTEIN, PLLC**

                                     _____
                                     Ryan S. Goldstein (RG 5231)
                                     Attorneys for Plaintiff
                                     JEANINE WARD
                                     40 Exchange Place, Suite 1205
                                     New York, New York 10005
                                     (212) 422-1020

To:

ANY-TIME HOME CARE, INC.
Served by Secretary of State via BCL

SCOUT ENTERPRISES, INC.,
Served by Secretary of State via BCL

**AFFIDAVIT OF SERVICE**

STATE OF NEW YORK     )
                             ) SS:
COUNTY OF NEW YORK   )

      **VANESSA GRIMES**, being duly sworn, deposes and says: deponent is not a party to the action, is over 18 years of age, and resides in New York, New York.

      On the 4 day of August 2008, deponent served the within **COMPLAINT** upon the following individuals by depositing a true copy thereof in a post-paid wrapper, in an official depository under the exclusive care and custody of the U. S. Postal Service within New York State, addressed to each of the following persons at the last known address set forth after each name:

ANY-TIME HOME CARE, INC.
Served by Secretary of State via BCL

SCOUT ENTERPRISES, INC.,
Served by Secretary of State via BCL

                                   Vanessa Grimes

Sworn to before me this 4
day of August 2008

_____
NOTARY PUBLIC

RYAN S. GOLDSTEIN
Notary Public, State of New York
No. 02GO6023229
Qualified in New York County
Commission Expires July 25, 2009

9

# EXHIBIT A

STATE DIVISION OF HUMAN RIGHTS
STATE OF NEW YORK : EXECUTIVE DEPARTMENT

STATE DIVISION OF HUMAN RIGHTS
on the Complaint of

JEANNINE WARD
                                    Complainant

            v.

SCOUT ENTERPRISES
                                    Respondent

VERIFIED COMPLAINT
Pursuant to Executive
Law, Article 15

Case No.
**10113514**

Federal Charge No. 16GA604421

I, Jeannine Ward, residing at 616 Kirbytown Road,
Middletown, NY, 10940, charge the above named respondent, whose
address is 127 S. Broadway, Nyack, NY, 10960 with an unlawful
discriminatory practice relating to employment in violation of
Article 15 of the Executive Law of the State of New York (Human
Rights Law) because of disability, sex.

Date most recent or continuing discrimination took place is
7/13/2006.

The particulars are:

1.    (SEE ATTACHED COMPLAINT TAKEN AT THE ORANGE COUNTY HUMAN
RIGHTS COMMISSION).


Based on the foregoing, I charge respondent with an unlawful
discriminatory practice relating to employment because of
disability, sex, in violation of the New York State Human Rights
Law (Executive Law, Article 15), Section 296.

I also charge the above-named respondent with violating Title
VII of the Civil Rights Act of 1964, as amended (covers race,
color, creed, national origin, sex relating to employment).  I
also charge the above-named respondent with violating the
Americans with Disabilities Act (ADA) (covers disability
relating to employment).  I hereby authorize SDHR to accept this
verified complaint on behalf of the U.S. Equal Employment
Opportunity Commission (EEOC) subject to the statutory
limitations contained in the aforementioned law(s).

Page 1 of 2

STATE OF NEW YORK: EXECUTIVE DEPARTMENT
STATE DIVISION OF HUMAN RIGHTS

EXEC. LAW ART. 15
SDHR COMPLAINT No.

(State Division of Human Rights on the Complaint of)

JEANNINE WARD                    Complainant

- against –

SCOUT ENTERPRISES                Respondent

10113514

TITLE VII & ADA    EEOC CHARGE NO: 16G AG-04421

I, _____ JEANNINE WARD _____

Residing at _____ 616 Kirbytown Road, Middletown, New York 10940 _____

_____ Tel. No. (845) 344-6016 _____ charge the above named

Respondent(s) whose address is _____ 127 S. Broadway, Nyack, New York 10960 _____

_____ Tel. No. (845) 353-8280 _____

with an unlawful discriminatory practice relating to _____ Employment _____

in violation of Article 15 of the Executive Law of the State of New York  (Human Rights Law) because of Race ( ) Color ( )
National Origin ( ) Creed ( ) Age ( ) Sex ( X ) Disability ( X ) Marital Status ( ) Arrest Record (s) ( )
Criminal Conviction (s) ( ) Retaliation ( )

AUG 2 3 2006

Date most recent or continuing discrimination took place ___ July 13, 2006 _____
                                                             (month, date, year)

The particulars are:

1. I am female. I have an impairment that is a disability within the meaning of the Human Rights Law. I have Chronic Sinusitis.

2. I worked for the Respondent from February 23, 2000 until I was terminated on July 13, 2006. I managed two Any-Time Home Care Inc. branch offices in Middletown and Newburgh, New York. I was successful at my job and increased production at both locations.

3. On September 1, 2005 I returned to my job from a maternity leave. While I had been out, the Middletown office was moved to a renovated house. I was asked by Director of Operations Michael Feinman to manage the Newburgh office while remaining in Middletown because the Middletown office needed new staffing and training and production needed to be increased. I complied, mainly managing the Newburgh office by phone and by visits once every two weeks, per his orders.

4. Within the first few days of returning to work, I began to not feel well. I reported this to my doctor. In September I was tested for allergies. On October 3, 2005 I was rushed to the hospital from work because my throat was closing up. I was diagnosed with pan sinusitis, was out a few days and returned to work. On November 17th I was taken to the hospital from work with my throat closing up and my lips turning blue. Two days later I was back in the emergency room and admitted to the hospital for a week. On November 29th I had sinus surgery. Despite the surgery, my sinusitis infections continued. In January, 2006 a cat scan showed that I still had an infection. On February 14, 2006 I was diagnosed with a fungal infection.

5. On February 27th I told owner Burt Johansmeyer that I was diagnosed with a fungal infection. He said that the office should be tested for mold. On March 10th the office was tested and the Respondent brought in an air purifier.

My symptoms continued. On March 22nd I was told to work out of both offices, after working solely in the Middletown office since September.

Case 1:08-cv-06974-CM    Document 1    Filed 08/05/2008    Page 17 of 20

6. On April 24th I was given one of multiple pages of lab results from the mold testing done in March. It showed the presence of aspergillus, a toxic mold.

7. My symptoms continued and on May 11th I told Mr. Feinman that I wanted to stay out of the Middletown office as much as possible, managing Middletown from the Newburgh office, as I had done, but in reverse, in September at his request. Mr. Feinman said that was "ok" and that I should only go to Middletown when necessary. He added that I should only discuss this matter with him.

8. On June 1, 2006 my doctor wrote a letter to the Respondent stating that I was being treated for fungal pan sinusitis and that my symptoms had escalated on May 30, 2006 after I had been in the Middletown office for two hours. The letter stated that continued exposure to the toxic mold and fungal spores present in the Middletown office would put me at a significant health risk including respiratory distress and anaphylactic shock, stating that I must avoid the contaminated environment until it had been cleaned and retested. When I did go to the Middletown office I stayed no longer than 45 minutes and wore a mouth and nose mask, per my doctor's orders.

9. It was about this time that Mr. Feinman's remarks to me became hostile. When I told him that I would be having a second surgery in August, he remarked, "When you have your surgery are they going to do a lobotomy instead of a sinus wash?" When I asked him for a fitted mask, his answer to me was that maybe I should put a plastic bag over my head with a very small hole and then put the mask on." I purchased a fitted mask. On numerous occasions, Mr. Feinman made the comment, "you're not going to cry again, are you." Hostile comments came from other management sources as well: Eric Johansmeyer remarked to me that I must wear the pants in my family, since I didn't wear skirts. I heard that a comment was made at a director's meeting that maybe I needed a "psych eval".

10. On June 28th, Mr. Feinman told me that I needed to find a way to manage the Middletown office. I told him that I was managing, by phone from the Newburgh office, just as I had managed Newburgh, for six months, from the Middletown office. I also suggested that someone could float to help with the Middletown office, as I had done in the past for the Hudson office. I told him that there were also Newburgh employees who volunteered to go to the Middletown office for me.

11. On June 29, 2006 my doctor wrote another letter to the Respondent stating that I needed to avoid the Middletown office until the environment had been proven to be clean, retested and a complete report sent to his attention. The letter stated that I was due to have a second surgery on August 11th.

12. On July 10th I was given a mold report from the re-testing. Mr. Feinman said that everything was fine and that I needed to return to the Middletown office. The report I was handed was not the complete report and I asked company vice president, Eric Johansmeyer for a copy of the complete report. He said that I didn't need it, that my doctor should be able to release me with what I was given. When I told him that my doctor requested the complete report, he stated, "Your doctor's orders mean nothing to me, I have a business to run."

13. On July 11th, my doctor called Mr. Johansmeyer to tell him that he needed the entire report to determine the proper treatment for me. Mr. Johansmeyer would not release the full report.

14. On July 12th, Mr. Feinman screamed at me when I told him that I could return to the Middletown office only when my doctor cleared me. I asked for permission to have the office tested at my expense.

15. On July 13th, Mr. Feinman gave me a permission letter from the corporate office to have the office tested, with seven stipulations. He also handed me another report and said that there was an error in the report he had given me on July 10th. He pointed out that this report showed no presence of aspergillus, which had showed up in the March testing. I told him that I was being treated for all molds, not just aspergillus. He suggested that I had no plans to return to the Middletown office, and I told him that wasn't true, that I would return when my doctor released me. I

EEOC CHARGE NO:

16G A C-04421

COMPLAINANT:___JEANNINE WARD_____

reiterated that I needed the full report. He told me that I was not following my job description. I reminded him that without my doctor getting the full report as he requested, that he would not release me to work in that branch. I said that by Eric Johansmeyer not releasing the report it was not allowing me to do my job and earn a living. I said, "without medical clearance you want me to return to that office in order to keep my job. I want that in writing so when I go into anaphylactic shock it will be on Anytime's shoulders." Mr. Feinman slammed his hand down on my desk and said, "this is bullshit, why does everything have to be in writing all of a sudden? He threw the chair next to me about 3 feet saying, "we're done, you're fired." I then opened my office door and said to my two employees, "did you just hear Michael throw the chair and fire me? I walked back into my office and began gathering my personal belongings and he asked, "then I'll take this as your resignation?" I said, "no, I am not resigning" and began putting the pictures back on my wall. About two hours later he came back to my office to tell me that the directors had made a decision that I was no longer needed.

16. The Respondent later rescinded its offer to allow me to have the Middletown office tested.

17. Based on the foregoing, I charge the respondent with an unlawful discriminatory practice related to employment by denying me equal terms, conditions and privileges of employment because of my disability and gender in violation of Section 296 of the New York State Human Rights Law.

"I have not commenced any other civil or criminal action, nor do I have an action pending before any administrative agency under any other law of this state based upon this same unlawful discriminatory practice."

I also charge the above-named respondent (s) with violating the Americans With Disabilities Act (covers disability relating to employment) and hereby authorize SDHR to accept this verified complaint on behalf of EEOC subject to statutory limitations contained in the Americans With Disabilities Act.

I also charge the above-named respondent(s) with violating Title VII of the Civil Rights Act of 1964, as amended (covers race, color, creed, national origin, sex relating to employment) and hereby authorize SDHR to accept this verified complaint on behalf of EEOC subject to statutory limitations contained in Title VII.

STATE OF NEW YORK     ) ss:
COUNTY OF ORANGE      )

_____
JEANNINE WARD

___JEANNINE WARD_____, being duly sworn, deposes and says: that he/she is the complainant herein; that he/she has read (or had to read to him/her) the foregoing complaint and knows the content thereof; that the same is true of his /her own knowledge except as to the matters therein stated on information and belief; and that as to those matters, he/she believes the same to be true.

_____
JEANNINE WARD

Subscribed and sworn to before me
this 17th day of Aug , 2006.

_____
Signature of Notary Public

Complaint: ADA (2 of 2)

SUSAN K. VARDEN
Notary Public, State of New York
No. 4806115
Qualified in Orange County
Commission Expires July 31, 20 10

# EXHIBIT B

## U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION

## DISMISSAL AND NOTICE OF RIGHTS

| To: | Jeannine Ward<br>616 Kirbytown Road<br>Middletown, NY 10940 | From: | New York District Office<br>33 Whitehall Street<br>5th Floor<br>New York, NY 10004 |
|---|---|---|---|

|  | ☐ | On behalf of person(s) aggrieved whose identity is<br>CONFIDENTIAL (29 CFR §1601.7(a)) | | |
|---|---|---|---|---|

| EEOC Charge No. | EEOC Representative | Telephone No. |
|---|---|---|
| 16G-2006-04421 | Holly M. Woodyard,<br>Investigator | (212) 336-3643 |

**THE EEOC IS CLOSING ITS FILE ON THIS CHARGE FOR THE FOLLOWING REASON:**

☐ The facts alleged in the charge fail to state a claim under any of the statutes enforced by the EEOC.

☐ Your allegations did not involve a disability as defined by the Americans With Disabilities Act.

☐ The Respondent employs less than the required number of employees or is not otherwise covered by the statutes.

☐ Your charge was not timely filed with EEOC; in other words, you waited too long after the date(s) of the alleged discrimination to file your charge

☐ The EEOC issues the following determination: Based upon its investigation, the EEOC is unable to conclude that the information obtained establishes violations of the statutes. This does not certify that the respondent is in compliance with the statutes. No finding is made as to any other issues that might be construed as having been raised by this charge.

☒ The EEOC has adopted the findings of the state or local fair employment practices agency that investigated this charge.

☐ Other (briefly state)

### - NOTICE OF SUIT RIGHTS -
#### (See the additional information attached to this form.)

**Title VII, the Americans with Disabilities Act, and/or the Age Discrimination in Employment Act:** This will be the only notice of dismissal and of your right to sue that we will send you. You may file a lawsuit against the respondent(s) under federal law based on this charge in federal or state court. Your lawsuit **must be filed <u>WITHIN 90 DAYS</u> of your receipt of this notice**; or your right to sue based on this charge will be lost. (The time limit for filing suit based on a state claim may be different.)

**Equal Pay Act (EPA):** EPA suits must be filed in federal or state court within 2 years (3 years for willful violations) of the alleged EPA underpayment. This means that **backpay due for any violations that occurred <u>more than 2 years (3 years)</u> before you file suit may not be collectible.**

On behalf of the Commission

_____    5/16/08
Spencer H. Lewis, Jr.,                (Date Mailed)
Director

Enclosures(s)

cc: **SCOUT ENTERPRISES, INC.**          Ryan S. Goldstein Esq.
   **127 S. Broadway**               40 Exchange Place Suite 1205
   **Nyack, NY 10960**              New York, NY. 10005
   **Attn: Human Resource Director**